IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS COX,**

        **Petitioner,**

  v.                **CASE NO. 23-3227-JWL**

**TOMMY WILLIAMS¹,**

        **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner and state prisoner Nicholas Cox proceeds pro se and his fee status is pending. (*See* Doc. 2.) For the reasons set forth below, the Court will direct Petitioner to provide additional information how he wishes to proceed in his current state-court appeal and in this federal habeas matter.

**Background**

In 2014, a jury in Johnson County, Kansas convicted Petitioner of one count of aggravated battery. *State v. Cox*, 2016 WL 3655869, *2, 7 (Kan. Ct. App. July 8, 2016) (unpublished), *rev. denied* Sept. 28, 2017. After retuning the verdict of guilty, the jury was seated to hear evidence on the State's motion for an upward sentencing departure. *Id.* at *7. The parties made opening statements, two presentence investigation reports were admitted into evidence, Petitioner testified

---

[1]Petitioner has named Jeff Zmuda and Derek Schmidt as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

and was cross-examined, and the district judge "told the jurors that they could also consider all the evidence heard during trial." *Id.* After receiving jury instructions and hearing closing arguments, the jury deliberated and "returned a verdict finding beyond a reasonable doubt that [Petitioner] presented a risk of future dangerousness to the public safety." *Id.* at *8. In June 2014, the district court granted the upward departure and sentenced Petitioner to 208 months in prison. *Id.*

Petitioner pursued a direct appeal, arguing in relevant part that "the State's use of his prior crimes in both his criminal history and as a basis for departure violated his right to be free from double jeopardy." *Id.* at *14. The Kansas Court of Appeals (KCOA) disagreed and affirmed Petitioner's conviction and sentence. *Id.* at *15-16. The Kansas Supreme Court denied Petitioner's petition for review on September 28, 2017.

On August 17, 2018, Petitioner filed in the District Court of Johnson County, Kansas, a motion for state habeas relief pursuant to K.S.A. 60-1507, asserting ineffective assistance of counsel. *See* Online Records of Johnson County District Court, Case No. 18CV04610, available at https://public.jococourts.org/; (Doc. 1, p. 3). The district court denied relief and Petitioner's appeal is currently pending before the KCOA. (Doc. 1, p. 3-4). On October 10, 2023, Petitioner submitted for filing the petition for federal habeas relief that began this case. (Doc. 1, p. 14.)

The sole asserted ground for relief in the petition is that Petitioner's constitutional protection against double jeopardy was violated during the portion of the trial related to the upward sentencing departure motion. He claims that the jury was unconstitutionally allowed to consider his criminal history and "evidence from all [Petitioner's] previous cases" and the prosecutor unconstitutionally argued that Petitioner's crimes were escalating. *Id.* at 5. As relief, Petitioner asks this Court to reverse the upward sentencing departure. *Id.* at 14.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). In Kansas, to satisfy the exhaustion requirement, Petitioner must have presented the very issue raised in his current federal petition to the KCOA and been denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

It appears from the petition and the publicly available state-court opinions that Petitioner fully exhausted the sole issue in the federal habeas petition during his direct appeal. Perhaps recognizing federal courts' reluctance to consider habeas matters in which related issues may still be implicated in ongoing state-court proceedings, Petitioner advises the Court that he intends to dismiss the currently pending appeal from the denial of the K.S.A. 60-1507 motion in order to

3

proceed with this § 2254 petition. (Doc. 1, p. 3-4, 13.)

The documents available to the Court do not indicate the precise issues that were argued in the 60-1507 motion. If those issues do not implicate the double jeopardy argument pled in the federal habeas petition now before this Court, it may be that Petitioner need not dismiss the state-court appeal in order to proceed in this Court. If Petitioner wishes to proceed in both the state court and this Court simultaneously, he must submit to this Court a copy of the 60-1507 motion or a list of the specific issues argued therein. Upon receipt of the motion or list, the Court will review it to determine whether the ongoing state-court appeal affects this Court's ability to consider the current federal habeas action.

Petitioner is, of course, free to act as he wishes with respect to his state-court proceedings. He should be aware, however, that if he dismisses the K.S.A. 60-1507 appeal and proceeds in this § 2254 action, he will be subject in the future to the "strict limitations" placed on second or successive petitions brought under § 2254. *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). In other words, if Petitioner proceeds now on the double jeopardy claim pled in this federal habeas petition, he will face strict limitations in bringing any future § 2254 federal habeas challenges to the 2014 state-court conviction and sentence. *See Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013) ("The filing of a second or successive § 2254 application is tightly constrained."). Before filing a second or subsequent § 2254 petition in a federal district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" and make a prima facie showing that the second or subsequent petition meets certain statutory requirements. *See* 28 U.S.C. § 2244(b).

Similarly, if Petitioner dismisses the current appeal from the denial of his K.S.A. 60-1507 motion, he may be unable in the future to seek state habeas relief from the 2014 conviction and

sentence under K.S.A. 60-1507 since that statute contains strict limits on successive and/or untimely motions. The Court does not opine on what state courts might do with a future K.S.A. 60-1507 motion from Petitioner; it merely wishes Petitioner to be aware of the relevant statutory limitations. In short, the voluntary dismissal of the currently pending state-court appeal may mean that Petitioner, for all intents and purposes, abandons the prospect of relief under K.S.A. 60-1507.

The Court acknowledges Petitioner's frustration with the time he has spent exhausting state-court remedies thus far. Again, if Petitioner chooses to dismiss his state-court appeal and proceed only in this federal habeas action, he is free to do so. On the other hand, the Court notes that the relevant statute of limitations for this federal habeas petition is tolled during the relevant state-court proceedings. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, a dismissal of the current federal habeas action without prejudice would not bar Petitioner from bringing his § 2254 claim or claims in a future petition to this Court, so long as he complies with the relevant statute of limitations and other procedural requirements.

**Conclusion**

In summary, the Court has conducted the required Rule 4 review of the petition filed in this matter. It notes an ongoing state-court appeal related to the conviction and sentence at issue in this matter, although it is unclear whether the state-court appeal includes any argument about the effectiveness of trial counsel during the portion of the trial regarding the motion for upward sentencing departure. If Petitioner wishes to proceed in the state court and this Court simultaneously, he must submit to this Court, in writing, a copy of the K.S.A. 60-1507 motion that is currently being appealed or a list of the specific issues contained in that motion. At that point,

the Court will review the documents to determine whether the ongoing state-court appeal affects this Court's ability to consider the current federal habeas petition.

If Petitioner chooses to dismiss his state-court appeal, he shall inform the Court, in writing, when the state-court appeal has been dismissed and, if possible, provide this Court with a copy of any order from the KCOA dismissing the appeal. If Petitioner chooses to proceed in his state-court appeal and not in this federal habeas matter at this time, he shall file with this Court a notice of voluntary dismissal and this action will be dismissed without prejudice to refiling at a later date.

**IT IS THEREFORE ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including November 16, 2023 in which to decide how he wishes to proceed in this matter and his state-court appeal and to inform the Court of that decision in accordance with the directions in this order.

**IT IS SO ORDERED.**

DATED:   This 16th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge