IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

                **Petitioner,**

    v.                                            CASE NO. 23-3227-JWL

TOMMY WILLIAMS,

                **Respondent.**

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Nicholas Cox filed his pro se petition for writ of habeas corpus in this matter on October 10, 2023. (Doc. 1.) The Court has received payment of the filing fee, so the motion for leave to proceed in forma pauperis (Doc. 6) will be denied as moot. In this federal habeas matter, Petitioner challenges his 2014 state-court convictions of aggravated battery. (Doc. 1, p. 1.) As the sole ground for relief, he asserts that the constitutional protection against double jeopardy was violated when the State presented his criminal history to the jury during sentencing and the jury "was allowed to look at all the pictures, facts, and evidence from all [his] previous cases" while deciding whether he posed a future danger to society. *Id.* at 5. The information currently before the Court reflects that this argument was exhausted during Petitioner's direct appeal and that the pending state-court proceeding under K.S.A. 60-1507 does not involve this argument.

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that

1

he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That the motion for leave to proceed in forma pauperis (Doc. 6) is **denied as moot.**

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before January 16, 2024 showing why the writ should not be granted based on the arguments in the petition and attachments thereto.

3. That the answer should present:

    a. The necessity for an evidentiary hearing on the ground alleged in Petitioner's pleading;

    b. Whether the argument in the petition is barred by a statute of limitations or any other procedural bar; and

    c. An analysis of the asserted ground for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including February 16, 2024 to file a traverse thereto,

admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 30th day of November, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge