**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS COX,**

**Petitioner,**

**v.**                                                    **CASE NO. 23-3227-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

**MEMORANDUM AND ORDER**

In this pro se federal habeas matter, Petitioner and state prisoner Nicholas Cox seeks relief pursuant to 28 U.S.C. § 2254. On November 30, 2023, the Court ordered Respondent Tommy Williams to file an answer on or before January 16, 2024, showing why the writ of habeas corpus should not be granted. (Doc. 7.) Before that deadline, however, Petitioner filed an amended petition (Doc. 10), which the Court was required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts to review. Thus, the Court stayed the deadline for the answer and, after completing the required review, on January 10, 2024, the Court ordered Respondent to file an answer on or before March 11, 2024. (Doc. 12.) The matter comes now before the Court on Petitioner's motion for protective order (Doc. 13), filed January 17, 2024.

In the motion, Petitioner advises that his grandfather has passed away and his grandmother also has serious health concerns. Petitioner also informs the Court that the conditions of confinement at El Dorado Correctional Facility, where he is currently incarcerated, pose a danger to his life and he alleges that individuals in the Kansas Department of Corrections are intentionally and maliciously placing him in situations where his life is at risk. Petitioner discusses the circumstances around the crime that led to the conviction and upward departure sentence he

1

challenges in this matter and he explains that he wishes to be released from custody so he can leave Kansas. *Id.* He asks this Court to "speed up it[]s rulings" and he asks that when his current cellmate leaves, Petitioner "be allowed reasonable time to find [his] own cellmate." *Id.* at 1-2.

Petitioner is assured that this matter will be resolved as efficiently as possible. At this point in time, the Court has ordered an answer to the amended petition. The amended petition cannot be resolved on its merits until an answer is filed and time is allowed for Petitioner to file a traverse, or a reply to the answer. *See* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. To the extent that the motion for protective order can be liberally construed to ask the Court to shorten the time it has allowed Respondent for preparing and submitting the answer[1], the Court declines to do so.

As noted above, the answer was initially due on January 16, 2024. Petitioner then decided—as he had the right to do—to file an amended petition that altered his arguments. Petitioner's decision meant that this Court was required to conduct an initial review of the amended petition and then grant Respondent time in which to prepare and file an answer to the amended petition. The Court has done so and anticipates that this matter will proceed in accordance with the deadlines currently established.

With respect to Petitioner's request for time to find a cellmate and Petitioner's concerns about his safety, this federal habeas matter is not the appropriate vehicle for raising those claims or seeking relief related to the conditions of confinement. In a federal habeas matter brought by a state prisoner under § 2254, "a federal court is limited to deciding whether a conviction [or imposition of sentence] violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). If Petitioner believes that the conditions

---

[1] Other than the merits of Petitioner's arguments in the amended petition, there are no other pending matters or motions awaiting a ruling from this Court.

of his confinement violate his constitutional rights, the appropriate avenue for such claims is a civil rights action under 42 U.S.C. § 1983. The required court-approved forms for filing a civil rights action are available from the clerk's office upon request.

It is clear from the motion now before the Court that Petitioner grieves the loss of his grandfather and he is concerned for his grandmother's well-being. Nevertheless, this matter is proceeding in a timely manner and the Court declines to shorten the time period given for Respondent to prepare and file an answer to the amended petition. Additionally, this federal habeas matter is not the appropriate avenue for Petitioner to seek relief related to the conditions of his confinement.

**IT IS THEREFORE ORDERED** that the motion for protective order (Doc. 13) is **denied**.

**IT IS SO ORDERED.**

DATED:   This 18th day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge