IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

                          Petitioner,

v.                                                         CASE NO. 23-3227-JWL

TOMMY WILLIAMS,

                          Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 10, 2024, the Court ordered Respondent to file an answer on or before March 11, 2024, showing why the writ should not be granted based on the arguments in the amended petition and attachments thereto. (Doc. 12.) This matter comes now before the Court on Respondent's motion to dismiss. (Doc. 15.)

      When this Court directs a federal habeas respondent to file an answer, the respondent is not authorized to instead file a motion to dismiss that fails to address the merits of the petitioner's arguments. *See Tiger v. Cline*, Case No. 19-3088-JWL-JPO, 2023 WL 130546, *2-3 (D. Kan. Jan. 9, 2023) (unpublished); *see also Tiger v. Cline*, Case No. 19-3088-JWL-JPO, 2023 WL 2951603, *5 n.5 (D. Kan. April 14, 2023) (unpublished) (reiterating that "the motion to dismiss was not authorized and thus was denied as procedurally improper"). The legal authority cited in the present motion to support the assertion that "a motion to dismiss is a proper pleading in a federal habeas action when dismissal may be called for on procedural grounds" is the same as was cited by counsel and rejected by this Court in a previous case. *Compare* Doc. 15, p. 3, with *Tiger*, Case No. 19-3088-JWL-JPO, Doc. 25, p. 3-4. This Court remains unmoved by the Ninth Circuit's opinion

1

in *White v. Lewis*, 874 F. 2d 599 (9th Cir. 1989), in light of the Tenth Circuit's ruling that "[u]nless a district court expressly authorizes a respondent to file a specific motion of some type, the respondent should interpret any ambiguous Rule 4 order—such as a directive to file only a 'response' to a petition—as calling for the full-blown answer contemplated by Rule 5." *See Fontenot v. Crow*, 4 F.4th 982, 1059-60 (10th Cir. 2021); *see also Tiger*, 2023 WL 130546, at *2-3 (quoting the same). Thus, the motion to dismiss will be denied and Respondent remains obligated to file a "full-blown answer contemplated by Rule 5" on or before March 11, 2023.

In addition, even if this Court were to address the merits of the motion to dismiss, it would nevertheless deny the motion. Respondent argues that this matter must be dismissed without prejudice because "Petitioner has not exhausted his state court remedies and is, in fact, currently engaged in state court litigation challenging the very conviction he challenges in his federal habeas corpus petition." *Id.* at 1. Respondent further notes that "there is a distinction between the claims in the instant federal action . . . and in the [currently pending] state action" but he argues that "the distinction bears no impact on the analysis of this federal habeas corpus petition." *Id.* He broadly asserts that "[w]hen a petitioner has pending state proceedings, dismissal of the federal petition without prejudice is appropriate." *Id.* at 3.

Respondent's argument appears to be based on a misunderstanding of the exhaustion doctrine. The exhaustion requirement, which "began as a judicially created prudential principle based on federal-state comity before its 1948 codification in the habeas statutes," *Fontenot v. Crow*, 4 F. 4th 982, 1918-19 (10th Cir. 2021), exists to ensure that the State has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation and internal quotation marks omitted). The United States Supreme Court has made clear "that once the federal claim has been fairly presented to the

state courts, the exhaustion requirement is satisfied." *Id.* (citations omitted); *see also Fontenot*, 4 F.4th at 1019 ("'A claim has been exhausted when it has been "fairly presented" to the state court.'").

Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Respondent does not argue that Petitioner has failed to present the issues in this federal habeas matter to the Kansas appellate courts, nor does Respondent argue that a Kansas appellate court granted relief on one or both issues. Thus, Respondent has not persuasively argued a failure to exhaust.

Moreover, contrary to Respondent's assertions, the existence of a pending K.S.A. 60-1507 matter that challenges a conviction does not necessarily mean that all claims as to that conviction are unexhausted. Respondent has cited no controlling caselaw that supports this assertion and there are material differences between this matter and the persuasive legal authority Respondent cites. *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964), summarily states without additional explanation:

> Schnepp now has a post conviction proceeding pending in the courts of Oregon, and therefore has not exhausted his presently-available state remedies, this being a condition precedent to the granting, by a federal court, of an application by a state prisoner for a writ of habeas corpus. See 28 U.S.C. § 2254.

*Id.* at 288.

This Court agrees with the rationale of the United States District Court for the District of Nevada, which explained:

> The extremely brief opinion in *Schnepp* states in pertinent part conclusorily only

3

> that the petitioner in that case "now has a post conviction proceeding pending in the courts of Oregon, and therefore has not exhausted his presently-available state remedies." The 47–year–old *Schnepp* opinion contains no procedural history that would reflect precisely what was being held in the case. The opinion does not constitute authority clearly holding that a petitioner who otherwise has exhausted claims may not proceed forward in federal court merely because state post-conviction proceedings on other claims are pending.

*Brooks v. Williams*, 2011 WL 1457739, *2 n. 9 (D. Nev. April 14, 2011) (unpublished).

*Woods v. Gilmore*, 26 F. Supp. 2d 1093 (C.D. Ill. 1998), which Respondent also generally cites, involved a matter in which the federal habeas petitioner raised "many of the same issues" in the federal action and a then-pending state-court appeal. *Id.* at 1094. As Respondent concedes, none of the claims in this federal habeas matter are also raised in the ongoing K.S.A. 60-1507 appeal. Finally, Respondent cites the 1976 Advisory Committee Note to Rule 4 Governing Section 2254 Cases in the United States District Courts, which noted that Rule 4 was

> designed to afford the judge flexibility in a case where either dismissal or an order to answer may be in appropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in state court.

When the last phrase in this quoted language—which Respondent cites—is read in context, it emphasizes the Court's ability to use its discretion to determine the appropriate action if a petition is not dismissed during the preliminary review stage of federal habeas proceedings.[1] It

---

[1] During the preliminary review of this matter, the Court addressed exhaustion and Petitioner's pending state court proceedings. After reviewing the K.S.A. 60-1507 motion, which Petitioner provided at this Court's direction, the Court concluded that "[t]he information currently before this Court reflects that [the sole argument in the initial petition] was exhausted during direct appeal and that the pending state-court proceeding under K.S.A. 60-1507 does not involve this argument." (Docs. 3, 4, and 7, p. 1.) The Court therefore ordered Respondent to file an "answer [that] should present . . . [a]n analysis of the asserted ground for relief and any cases and supporting documents relied upon by Respondent in opposition to the same." *Id.* at 2. Petitioner then amended his petition to add a second asserted ground for relief, which also is not directly argued in the pending state-court appeal. After preliminarily reviewing the amended petition, the Court again ordered Respondent to file an "answer [that] should address . . . [a]n analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondent in opposition to the same" as well as "[w]hether the arguments in the petition are barred by . . . any . . . procedural bar." (Doc. 12, p. 1-2.)

does not require the Court to dismiss exhausted federal habeas claims because the conviction at issue may be overturned on other grounds in state court at some point.

Finally, Respondent argues that this matter "is not ripe for review by this Court." (Doc. 15, p. 3.) It appears that by "not ripe," Respondent is arguing that this Court should abstain from hearing this matter because the conviction in question may be overturned by the state courts, meaning "there may be no need for this Court to act on Petitioner's claim." *Id.* Respondent has provided no legal authority that requires this Court to abstain from considering this matter, nor does the Court believe that abstention is required by principles of comity or equity.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (Doc. 15) is **denied.** Respondent remains obligated to file an answer on or before March 11, 2024, showing why the writ should not be granted based on the arguments in the petition and attachments thereto. Petitioner will have to and including April 11, 2024 to file a traverse thereto.

**IT IS SO ORDERED.**

DATED:   This 13th day of February, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge