IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

                        Petitioner,

       v.                                                                                       CASE NO. 23-3227-JWL

TOMMY WILLIAMS,

                        Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner and state prisoner Nicholas Cox. It comes now before the Court on Petitioner's motion for protective order. (Doc. 19.) In the motion, Petitioner explains that prison staff requires him to be fully shackled or restrained and brought to a certain office to watch his legal mail being opened and copied; if he refuses to comply, he does not receive his legal mail. *Id.* at 1. Petitioner asks this Court to order prison staff to allow him to waive his right to be present when his legal mail is opened. In the alternative, Petitioner asks that the Court send all future legal mail for Petitioner to a third party or stop marking mail to Petitioner at the prison as legal mail. *Id.* at 2.

The motion will be denied. Petitioner presents no legal authority for his request that this Court order a state prison to exempt him from prison procedures[1] regarding the processing of legal mail simply because he deems them "ridiculous." Similarly, Petitioner provides no legal authority for his request that this Court stop marking its mail to him or send it to a third party. The Court knows of no such authority and declines to alter its standard procedures on processing mail to prisoners.

---

[1] Petitioner does not advise whether there is a prison procedure available by which he could waive his right to be present when his legal mail is opened and inspected.

1

This Court generally does not interfere with day-to-day prison operations. *See Lynn v. Lundry*, 2020 WL 3270547, *3 (D. Kan. June 17, 2020) (unpublished) (denying motion for order directing state prison officials to allow additional prison library access); *Lynn v. Cline*, 2019 WL 3387053, *2 (D. Kan. July 26, 2019) (unpublished) (denying motion for order directing prison officials how to handle a plaintiff's excess property). Although federal courts may hear claims that prison operations violate a prisoner's constitutional rights, see *Turner v. Safley*, 482 U.S. 78, 84-85 (1987), Petitioner does not allege in his motion that his constitutional rights are being violated. Even if he did, conditions-of-confinement claims must be brought in a civil rights action under 42 U.S.C. § 1983; they are not properly brought in a federal habeas matter such as this one.

**IT IS THEREFORE ORDERED** that the motion for protective order (Doc. 19) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 11th day of March, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge