## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NICHOLAS  COX,**

**Petitioner,**

**v.**                                                           **CASE NO. 23-3227-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner and state prisoner Nicholas Cox proceeds pro se and challenges the upward departure sentence he received after a state-court jury convicted him of aggravated battery and found beyond a reasonable doubt that the facts showed that Petitioner presented a risk of future dangerousness to the public safety. Having considered Petitioner's claims, together with the state-court record and relevant legal precedent, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and denies the petition.

### Nature of the Petition

Petitioner seeks federal habeas relief from the 208-month sentence imposed after a state-court jury convicted him of aggravated battery and found the existence of a factor that supported imposing an upward departure sentence. (Doc. 10, p. 1.) Liberally construed, Ground One of the pro se amended petition asserts that Petitioner's rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, and his right to a fair trial under the Due Process Clause of the Fourteenth Amendment were violated when the sentencing jury was made aware of his criminal history but was not made aware of the length of imprisonment he faced if he received an upward sentencing

1

departure. *Id.* at 5. As Ground Two, Petitioner argues that his due process rights were violated when the same jury that decided his guilt decided whether a factor existed that justified an upward sentencing departure. *Id.* at 6. As relief, Petitioner asks this Court to vacate the 36 months of imprisonment that the upward departure added to his sentence. *Id.* at 14.

## Evidentiary Hearing

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that an evidentiary hearing is not required in this matter. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). The record in this case is sufficient to resolve the issues before the Court and it precludes habeas relief.

## Factual and Procedural Background[1]

Due to the nature of Petitioner's claims in this matter, there is no need to recount in great detail the events that led to Petitioner being criminally charged. Because Petitioner's claims focus on the constitutionality of the sentencing proceedings, this Court will begin by setting out a basic overview of the principles of the Kansas Sentencing Guidelines Act (KSGA).

> In Kansas, sentences for most crimes are calculated based on a grid created by the intersection of two factors: the severity of the crime and the defendant's criminal-history score. The severity of the crime ranges from 10 (least serious) to 1 (most serious) and is simply set forth in Kansas' criminal statutes. The criminal-history score is based on the defendant's number and type of prior crimes and can range from I (having no criminal history or only one misdemeanor) to A (having three or more person felonies). The grid's rows are based on the severity level and the columns are based on the criminal-history score, and each grid box contains

---

[1] To the extent that the facts in this section are taken from the Kansas Court of Appeals' opinion in Petitioner's direct appeal, the Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Additional facts will be provided as necessary in the analysis section below.

three sentence options: a low number (the mitigated sentence), a mid-range number (the standard sentence), and a high number (the aggravated sentence).

*State v. Caddell*, 2017 WL 3948417, *2 (Kan. Ct. App. Sept. 8, 2017) (unpublished) (citations omitted).

"At sentencing, a district court is required to impose the presumptive sentence [from the grid box] unless the district court finds 'substantial and compelling reasons to impose a departure' sentence." *Cox*, 2016 WL 3655869, at *15. Kansas statutes provide a nonexclusive list of aggravating factors that may be considered when determining whether sufficient reasons exist to impose an upward departure sentence. *Id.* Additionally, sentencing courts "also may consider nonstatutory factors as long as there is evidence in  the record to support such factors and the use of the factors would be consistent with the intent and purposes of the [KSGA]." *Id.* (citations and internal quotation marks omitted). The statutes set out the procedures for seeking an upward departure sentence and require that "any fact that would increase the penalty for a crime beyond the statutory maximum, other than a prior conviction, shall be submitted to a jury and proved beyond a reasonable doubt." K.S.A. 21-6815(b); K.S.A. 21-6817(b). For purposes of this memorandum and order, this Court will refer to the proceeding at which the upward departure factor was tried to the jury as the departure hearing.

Returning to the case now before this Court, the underlying facts that led to Petitioner being charged need not be related in detail. It is enough to say that in October 2011, the State charged Petitioner with one count of aggravated battery, based on Petitioner beating and seriously injuring his ex-wife. *State v. Cox*, 2016 WL 3655869, *1-2 (Kan. Ct. App. July 8, 2016) (unpublished). The State later filed "a notice of its intent to seek an upward departure and a motion for an upward departure." *Id.* At the pretrial conference, Petitioner argued to the state district court that if he was convicted, a separate jury—not the one deciding guilt—should be seated for the departure hearing.

3

(Doc. 18-7, 2, 5-6.) Specifically, Petitioner was concerned that if evidence of his prior misdeeds and crimes—which included domestic violence against the same victim—was not admitted at trial but was admitted at the departure proceeding and the same jury sat for both, the jury would think that the defense had been deceitful during trial, which would prejudice them against Petitioner. *Id.* at 9-11. Thus, Petitioner felt that unless a separate jury was used for the departure hearing, he would be required to admit at trial evidence of the prior bad acts in order to avoid later alienating the jury during the departure hearing. The district court denied the request. *Id.* at 16.

The jury trial began in March 2014. *Id.* Before the jury was empaneled, defense counsel explained to the district judge that Petitioner believed it necessary to discuss his prior crimes at trial since, if Petitioner were convicted, the same jury would sit for the departure hearing and determine whether factors existed that could justify an upward departure sentence. *Id.* Relatedly, after the first witness testified, the State "made a record out of the jury's presence that it was not going to bring up [Petitioner's] prior crimes when questioning [Petitioner's ex-wife] and that if [Petitioner] brought it up, it was his own choice to do so." *Id.* at 2-3. Evidence of previous domestic violence came into evidence at trial during the cross-examination of Petitioner's ex-wife and when the defense later recalled her to testify. *Id.* at 3, 5. Similarly, Petitioner, who testified on his own behalf, "admitted that he caused the injuries" to his ex-wife and "admitted that he was convicted of two domestic batteries—in which she was the victim—as well as two convictions for violations of protection from abuse orders in 2006—again, with [his ex-wife] as the victim." *Id.* The jury ultimately found Petitioner guilty of aggravated battery. *Id.* at *7.

After the verdict, the jury "was seated to hear evidence regarding the State's upward departure motion." *Id.* at 7. The State argued that two factors existed: (1) Petitioner "presents [a] risk of future dangerousness to the public safety"; and (2) Petitioner's "conduct during the

4

commission of the current event manifested excessive brutality to the victim." (Doc. 18-19, p. 11.) It introduced two presentence investigation reports into evidence, and "the district court told the jurors that they could consider all the evidence heard during trial." *Cox*, 2016 WL 3655869, at *7. Petitioner testified as well, and the parties made closing arguments. *Id.* at *7-8. "After deliberations, the jury returned a verdict finding beyond a reasonable doubt that [Petitioner] presented a risk of future dangerousness to the public safety." *Id.* at *8. At the sentencing hearing on June 19, 2024, "the district court granted the State's motion for an upward departure based on [Petitioner's] future dangerousness as found by the jury. Accordingly, the district court sentenced Petitioner to 208 months' imprisonment." *Id.*

Petitioner pursued a direct appeal. On July 8, 2016, the Kansas Court of Appeals (KCOA) affirmed Petitioner's conviction and sentence. *See id.* The Kansas Supreme Court (KSC) denied Petitioner's petition for review on September 28, 2017. Petitioner then sought state habeas relief by filing a motion under K.S.A. 60-1507. *See* Online Records of Johnson County District Court, Case No. 18CV04610. The district court denied relief and Petitioner's appeal is currently pending before the KCOA.[2]

On October 10, 2023, Petitioner submitted for filing the petition for federal habeas relief that began this matter. (Doc. 1.) He filed the currently operative amended petition on January 4, 2024. (Doc. 10.) Respondent filed his response, also called the answer, to the amended petition, on February 20, 2024. (Doc. 17.) Petitioner filed his traverse, or reply to the answer, on May 14, 2024. (Doc. 24.) The matter is now fully briefed and ready for decision.

---

[2] As of the date of this order, the appeal is set on the summary calendar docket for July 10, 2024. *See* Court of Appeals Docket for July 9-10, 2024 before Arnold-Burger, C.J., Bruns and Schroeder, JJ., available at www.kscourts.org/About-the-Courts/Court-of-Appeals/Dockets. A review of the briefs filed in the appeal reveals that the issues therein are discrete from the issues in this federal habeas matter. *See Cox v. State*, Case No. 126,048, Appellant's Brief, 2023 WL 9290177, and Appellee's Brief,  2024 WL 1469983.

## The Operative Amended Petition/Exhaustion

To determine whether Petitioner is entitled to federal habeas relief in this matter, the Court must first identify his asserted grounds for relief. Because Petitioner is proceeding pro se, the Court liberally construes the amended petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

In addition, "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

## Ground One

As Ground One of the amended petition, Petitioner alleges "Double Jeopardy and violation of Due Process or a fair trial [*sic*]." As supporting facts for Ground One, Petitioner states:

> I was given a 36 month upward departure in which I could not tell the jury the time I faced yet they were to decide if I needed a longer sentence for being a future danger. They did see that I only got 27 months on my last agg[ravated] battery but they did not know about how the level system or grid box works so they

had that info to go off of and no info saying I faced a way longer sentence this time.
140 months longer (no room for more argument/facts.

(Doc. 10, p. 5.)

Liberally construing Ground One, the Court concludes that it raises a claim that the departure hearing violated Petitioner's right to a fair trial, as guaranteed by the Due Process Clause[3] of the Fourteenth Amendment to the United States Constitution, and the prohibition against double jeopardy, as found in the Double Jeopardy Clause of the Fifth Amendment. Respondent, on the other hand, reads Ground One to make the claim that Petitioner's "sentence violates the Double Jeopardy Clause . . . based on the fact that the trial court used prior convictions as part of the basis to find an aggravating factor of future danger to the public safety." (Doc. 17, p. 9.) To his credit, Respondent admits that Petitioner exhausted this double jeopardy challenge in the state courts. *Id.* at 2. Respondent also asserts, however, that Petitioner failed to argue to the KCOA any other constitutional claims raised in this federal habeas matter. *Id.* at 2-3, 11-13.

In his traverse, Petitioner does not specifically address Respondent's understanding of Ground One, but his arguments focus on his belief that using his criminal history to determine his sentence—by way of determining his placement on the sentencing grid—and allowing the jury to consider his criminal history in deciding whether he posed a risk of future dangerousness to public safety violates the constitutional prohibition against double jeopardy. (Doc. 24.) Thus, the Court will construe Ground One as making this argument, which was exhausted in the state courts and will be addressed on its merits below.

To the extent that the Court liberally construes Ground One to raise a due process claim, however, it is unexhausted. The Court has carefully reviewed the state court records and finds no

---

[3] Petitioner asserts his right to a fair trial. (Doc. 10, p. 5.) "It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)).

indication that Petitioner exhausted a claim that denying him the opportunity to inform the jury during the departure hearing of the length of imprisonment he faced violated his rights to due process and a fair trial. As the Tenth Circuit has explained:

> There are consequences for failing to properly present a claim [to the state courts]. Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. Where the relevant state courts would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.

*Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quotation marks and citations omitted).

That is the situation here. If Petitioner attempted to return to the state courts to raise a due process challenge to the jury being informed of his criminal history during the departure hearing but not informed of the potential sentence he faced, he would do so under K.S.A. 60-1507. *See* K.S.A. 60-1507(a); *see also* Kan. S. Ct. R. 183(a) (explaining that "K.S.A. 60-1507 provides a procedure to challenge the validity of a sentence of a court of general jurisdiction"). But Petitioner has already filed a K.S.A. 60-1507 motion, which the state district court denied and which is currently on appeal.

K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In addition, Kansas Supreme Court Rule 183(c)(3) states that 60-1507 motions "ordinarily may not be used as a substitute for direct appeal involving mere trial errors[,] . . but trial errors affecting constitutional rights may be raised [in a 60-1507 motion] even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." K.S.A. 60-1507(c) and Rule 183(c)(3) are the type of "independent and adequate state procedural grounds" that support a

finding of anticipatory procedural default of a claim. *See Grant*, 886 F.3d at 892.

They are "independent" because they are based in state, not federal, law. *See Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) ("A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision. They are "adequate" because they are firmly established and regularly followed in Kansas jurisprudence. *See Walker v. Martin*, 562 U.S. 307, 316 (2011) ("To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'"); *Littlejohn v. State*, 310 Kan. 439, 443, 445 (2019) (agreeing that "a K.S.A. 60-1507 movant [must] demonstrate exceptional circumstances before a district court is required to consider the merits of a second or successive 60-1507 motion" and noting its "long-standing requirement for a showing of exceptional circumstances"). Accordingly, the Court concludes that any due process claim in Ground One is procedurally defaulted.

This Court can consider the merits of a procedurally defaulted claim "only if [Petitioner] can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Grant*, 886 F.3d at 892. The fundamental miscarriage of justice exception is "implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). Because Petitioner does not challenge his conviction, this exception is inapplicable. For the Court to be able to reach the merits of his procedurally defaulted claim, then, he must show cause and prejudice.

To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to exhaust his claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that

makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. at 722, 750 (1991).

In his traverse, Petitioner does not address Respondent's arguments regarding exhaustion or procedural default, nor does he make any statements that could be liberally construed to assert the required cause and prejudice. (Doc. 24, p. 1-8.) Thus, the Court concludes that it is "precluded from considering" the merits of Petitioner's due process claim in Ground One of this federal habeas matter. *See Grant*, 886 F.3d at 902 (holding that where the petitioner "makes no effort to overcome this bar by arguing cause and prejudice, or a fundamental miscarriage of justice . . . we are precluded from considering [his procedurally defaulted] . . . claim").

**Ground Two**

Petitioner does not identify in Ground Two of the amended petition a specific constitutional right that was violated; rather, he identifies the violation as "[u]sing the same jury at sentencing." (Doc. 10, p. 6.) As supporting facts for Ground Two, Petitioner states: "This jury was told about my criminal history and the dates but was not allowed to know my length of current sentence in the guidelines. This would lead them to believe I only faced 27 months, not 172. This was a catch 22." *Id.* The Court concludes that, liberally construed, Ground Two challenges the constitutionality of using the same jury for the guilt phase of the trial and the departure hearing. More specifically, the Court concludes that Ground Two raises a due process claim.[4]

---

[4] In the answer, Respondent refers to a double jeopardy challenge to the use of the same jury for the guilt and sentencing phases of the trial (*see* Doc. 17, p. 11), but the Court does not see such a claim, even when liberally construing the amended petition. Petitioner's reference to a "catch 22" could be liberally construed to implicate his due process right to a fair trial, but to go any further would require acting as Petitioner's advocate, which this Court

In the amended petition, Petitioner asserts that he raised this issue in his direct appeal. (Doc. 10, p. 7.) In the answer, Respondent asserts the opposite. (Doc. 17, p. 2-3, 11-13.) Petitioner does not address exhaustion in his traverse. (Doc. 24.) The Court has carefully reviewed the records before it and, contrary to Respondent's assertion, the record reflects that Petitioner did in fact argue to the KCOA in his direct appeal that the failure to empanel a separate jury for sentencing "implicates [Petitioner's] fundamental right to a fair and impartial jury, a minimal requirement for due process." (*See* Doc. 20-2, p. 24.) Thus, Petitioner exhausted his claim that he was denied due process by the use of the same jury during guilt phase of trial and the departure hearing and this Court will address the claim on its merits.

## General Standard of Review

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The Tenth Circuit has explained:

> [A] state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from that precedent."

---

may not do. Moreover, to the extent that Petitioner asserts in his traverse that he has also argued that "giving weight to a factor that is unreasonable is . . . unconstitutionally vague" (Doc. 24, p. 6), the Court has carefully reviewed the amended petition and, even liberally construing it, finds no such argument. "Courts routinely refuse to consider arguments first raised in a habeas traverse." *Martinez v. Kansas*, No. 5-3415-MLB, 2006 WL 3350653, *2 (D. Kan. Nov. 17, 2006) (unpublished order) (collecting cases); *See also LaPointe v. Schmidt*, No. 14-3161-JWB, 2019 WL 5622421, *5 (D. Kan. Oct. 31, 2019) (unpublished memorandum and order) (striking new claim from traverse).

*Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-08 (2000)). Moreover, in this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

The Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). These standards are intended to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require that state-court decisions receive the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner "'carries the burden of proof'" to show that he is entitled to federal habeas relief under the AEDPA. *See Frederick v. Quick*, 79 F.4th 1090, 1103 (10th Cir. 2023) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)), *pet. for cert. on other grounds filed* Feb. 29, 2024.

## Discussion

**Ground One:  Double Jeopardy Claim**

In Ground One, Petitioner argues that his right not to be subject to double jeopardy was violated when his criminal history was used first to determine the appropriate grid box for his sentence and also to establish the existence of a factor justifying an upward departure to that sentence. (Doc. 10, p. 5.) When presented with this issue in Petitioner's direct appeal, the KCOA reasoned:

> Cox contends that the upward departure sentence imposed by the district court was erroneous. First, he argues that the State's use of his prior crimes in both his criminal history and as a basis for departure violated his right to be free from double jeopardy. . . .

. . . Cox maintains that the district court's reliance on his future dangerousness violated his right not to be put in double jeopardy because it was based on his prior convictions, which were also used to determine his sentence as part of his criminal history.

The Double Jeopardy Clause states that no person can "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; § 10 of the Kansas Constitution Bill of Rights. The United States Supreme Court has interpreted this to protect an individual from being (1) tried again for the same crime after an acquittal, (2) tried again for the same crime after a conviction, or (3) punished more than once for the same crime. *United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S. Ct. 426, 66 L.Ed.2d 328 (1980); *State v. Cady,* 254 Kan. 393, 396, 867 P.2d 270 (1994).

Cox asserts that his double jeopardy rights were violated under the Fifth Amendment and § 10 of the Kansas Constitution Bill of Rights when the State used future dangerousness as a departure factor. According to Cox, the double jeopardy violation occurred when his prior convictions were used to put him on the sentencing grid and were used again as evidence to prove the aggravating factor that resulted in his upward departure sentence.

"'The common inquiry across the Court's Eighth Amendment, ex post facto, and double jeopardy jurisprudence is determining whether the government's sanction is punitive in nature and intended to serve as punishment.'" *State v. Petersen–Beard,* 304 Kan. 192, 196, —— P.3d ——, 2016 WL 1612851 (2016) (quoting *Hinds v. Lynch,* 790 F.3d 259, 264 n. 5 [1st Cir. 2015] ) (time for filing petition for cert. pending).

Here, the focus of the State's evidence was not on the convictions themselves or on his general criminal history. The focus was on how Cox handled himself after his prior convictions and during the time he was being supervised on probation or parole. The prior convictions were introduced primarily to show the escalating nature of Cox's actions in order to predict his future dangerousness. Although the finding that he was a future danger to society was based, in part, on his criminal history, his upward departure sentence was based on his future dangerousness and not his criminal history.

In arguing for the upward departure sentence, the State specifically argued, "Again, I want to be clear about this. It's not just that he has the convictions that he talked about. It's not that. It's what the convictions and the timing of those convictions say about future dangerousness. That's what you are to consider." The introduction of the evidence to prove the aggravating factor at sentencing did not violate Cox's double jeopardy rights. See *State v. Moore,* No. 109,553, 2015 WL 1310046, *12 (Kan.App.2015) (unpublished opinion), *rev. denied* 304 Kan. —— (2016); *Green v. State,* No. 106,445, 2013 WL 2321033, *10 (Kan. App.)

(unpublished opinion), *rev. denied* 298 Kan. 1201 (2013); *State v. Angilda,* No. 106,226, 2013 WL 1234188, *9 (Kan.App.) (unpublished opinion), *rev. denied* 291 Kan. 1247 (2013).

*Cox*, 2016 WL 3655869, at *14-15.

As set forth above, in order for Petitioner to obtain federal habeas relief based on Ground One, he must show that the KCOA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The United States Supreme Court has explained:

> This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion. In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable. We have affirmed this approach time and time again.

*Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (citing *Porter v. McCollum*, 558 U.S. 30, 39-44 (2009); *Rompilla v. Beard*, 545 U.S. 374, 388-92 (2005); and *Wiggins v. Smith*, 5329 U.S. 510, 523-38 (2003)).

The Court has carefully reviewed the KCOA's analysis, set forth above, and the relevant state-court records and concludes that the KCOA's reasons for rejecting Petitioner's double jeopardy claim are reasonable. Moreover, Petitioner does not identify any clearly established Federal law or any materially indistinguishable Supreme Court decision that requires a different result.[5] Rather, he asks this Court to independently decide that allowing the use of his criminal

---

[5] Petitioner directs this Court's attention to *Gall v. United States*, 552 U.S. 38 (2007). (Doc. 24, p. 6.) But that case deals with the *Federal* Sentencing Guidelines and determines the appropriate standard of appellate review of "a sentence that constitutes a substantial variance from the Guidelines." 552 U.S. at 40. It does not control state-court sentencing guidelines, nor is it materially indistinguishable factually from the case now before this Court. Similarly, Petitioner cites *State v. Zuck*, 21 Kan. App. 2d 597 (1995), to establish the reasons for the KSGA; *State v. Caldwell*, 21 Kan. App. 2d 466 (1995), *rev. denied* Sept. 26, 1995, for its holding that "the escalating nature of Caldwell's crimes" was not a valid reason under the relevant Kansas statutes to impose the maximum upward durational departure

history at the departure hearing violated the Double Jeopardy Clause and is objectively unreasonable. (*See* Doc. 24, p. 6.) That is not this Court's role when considering a federal habeas challenge to a state court conviction. *See Davis v. Roberts*, 579 Fed. Appx. 662, 665 (10th Cir. 2014) (unpublished) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("When a federal court, on habeas review, examines state criminal convictions, the federal court does not sit as a 'super-appellate' court.").

In short, the KCOA applied clearly established Federal law, as determined by the Supreme Court, to resolve the double jeopardy issue. Petitioner has not shown that the KCOA's application of the law was unreasonable or that it was based on an unreasonable determination of the facts in light of the evidence before it. Thus, Petitioner has failed to show that he should receive federal habeas relief because the use of his criminal history at the departure hearing violated the constitutional prohibition against double jeopardy.

**Ground Two:  Due Process Claim**

In Ground Two, Petitioner argues that using the jury that convicted him to decide the issues at the departure hearing violated his due process right to a fair trial. Petitioner made this argument to the KCOA in his direct appeal. (Doc. 20-2, p. 24.) Unlike the argument made in Ground One, however, the KCOA did not specifically address Petitioner's same-jury due process argument in its written opinion. *See Cox*, 2016 WL 3655869. The United States Supreme Court has held that "'[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" *Wilson*,

---

sentence; and the Kansas Sentencing Guidelines Desk Reference Manual. (Doc. 24, p. 4-6.) But even if Petitioner's sentence violated the provisions of the KSGA and Kansas state law, it would not entitle him to federal habeas relief because "[f]ederal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) ("'To the extent that [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'").

584 U.S. at 129 (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). The Court has carefully reviewed the record and finds no reasoned state-court judgment explaining the denial of Petitioner's claim that using the same jury for the upward departure proceeding violated his due process rights. Thus, there is no lower state-court judgment and this Court cannot "look through" the KCOA opinion and consider the lower court's reasoning.

In *Harrington v. Richter*, the constitutional claim at issue was presented to the California Supreme Court via a state petition for habeas corpus relief and the California Supreme Court denied the "petition in a one-sentence summary order." 562 U.S. at 97. Richter then filed a § 2254 petition in the United States District Court for the Eastern District of California, which was denied, and the denial was affirmed by a panel of the Court of Appeals for the Ninth Circuit. *Id.* The Ninth Circuit granted rehearing en banc, however, and questioned whether it should give deference to the state court's denial of the constitutional claim "since the California Supreme Court issued only a summary denial" of the claim. *Id.* Ultimately, a majority of the Ninth Circuit determined that the California Supreme Court's decision was unreasonable and Richter was entitled to relief. *Id.*

The United States Supreme Court granted certiorari and addressed whether the deferential standards in § 2254(d)(1) and (2) used for federal habeas review of a state prisoner's claim which a state court has adjudicated on the merits apply "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* at 98. Ultimately, it held that because the California Supreme Court "did not say it was denying the claim" for a procedural reason, the federal court should have presumed that the state court adjudicated the claim on the merits. *Id.* at 99. More generally, the United States Supreme Court held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural

principles to the contrary." *Id.* Moreover, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 98. The Tenth Circuit has further explained that when faced with this type of summary decision by a state court, "federal habeas courts are obliged to independently review the state court's factual record" and "determine which arguments or theories . . . could have supported the state court's determination." *Meek v. Martin*, 74 F.4th 1223, 1229, 1249 (10th Cir. 2023) (internal quotation marks and citations omitted).

Applying these legal rules to the case now at hand, this Court concludes that the argument in Ground Two was adjudicated on its merits by the KCOA. Thus, under the deferential standards of § 2254(d)(1)-(2), Petitioner may obtain federal habeas relief only if there was no reasonable basis for the state court to reject his argument that use of the guilt-phase jury to determine whether an upward departure factor existed violated his right to a fair trial. Although this bar is high, it

> reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 102-03.

As previously noted, the Court has carefully reviewed the records now before it. Because the question is whether there was a reasonable basis for the KCOA to reject Petitioner's due process argument in Ground Two, the Court focuses on Petitioner's arguments to the KCOA on this issue. Petitioner argued, in relevant part:

> In this case, Cox requested that the district court empanel a second jury to hear and decide the State's motion for an upward departure. This request was denied which put Cox in a Catch 22. Cox would either be forced to admit his criminal history during the trial or, if he refused to do so, be viewed as deceitful by

17

the same jury when evidence of his prior convictions was admitted during the upward departure portion of the proceedings. This was highly prejudicial to Cox and would have been avoided with a second jury. By refusing to empanel a second jury, the district court violated Cox's right to an impartial jury and [this error] warrants a new trial.

    . . . .

It is respectfully submitted this implicates Cox's fundamental right to a fair and impartial jury, a minimal requirement for due process. *State v. Cady*, 248 Kan. 743, 754, 811 P.2d 1130 (1991) (finding the failure to "accord an accused a fair hearing violates even the minimal standards of due process[]"). . . .

    . . . .

Since 2011, K.S.A. 21-4718 no longer mandates that it be the *trial* jury that is empanelled [*sic*] to determine whether there are aggravating circumstances to support an upward departure. [Citation omitted.] Rather, a district court has the ability to empanel a second jury. In this case, a second jury was warranted to prevent undue prejudice to Cox and his ability to receive a fair trial.

The State moved for an upward departure based in part on Cox's future dangerousness. That would be based almost exclusively on Cox's prior criminal history involving [his ex-wife]. While the State initially moved to admit such prior crimes evidence during trial for various reasons, that motion was denied and the State throughout the pretrial proceedings stated it would not admit such evidence. However, this put Cox in an untenable position.

It was conceded early on Cox would be convicted "of something." As a result, there would be an upward departure hearing. Given this set of circumstances, Cox was faced with the dilemma. He could testify solely to the issues on the day in question. By doing so, he would be severely prejudiced when the same jury heard about his criminal history involving [his ex-wife] at the upward departure phase. He would be viewed as "tricky." The jury would blame Cox for keeping out all this additional information about his history with [his ex-wife]. In short, Cox would lose all credibility with the jury and would not receive a fair hearing on the issue of the upward departure.

If Cox testified to his history with [his ex-wife] during trial, he will [*sic*] also be prejudiced. Prior crimes evidence as a general rule is inadmissible. Admission of such evidence carries particular prejudice to a criminal defendant. With such evidence:

A jury might well exaggerate the value of the other crimes as evidence proving that, because the defendant has committed a similar crime before, it might properly be inferred that he committed this one. Secondly, the jury

> might conclude that the defendant deserves punishment because he is a general wrongdoer even if the prosecution has not established guilt beyond a reasonable doubt in the prosecution at hand. Thirdly, the jury might conclude that because the defendant is a criminal, the evidence put in on his behalf should not be believed.

*State v. Davis*, 213 Kan. 54, 58, 515 P.2d 802 (1973) (quoting Vernon's Kansas Statutes Annotated, Rules of Evidence, § 60-455, p. 376). Facing this choice, Cox opted to testify to his criminal history.

> Cox should not have been forced to make such a choice; he should not have been forced to "pick his poison." The district court should have empanelled [*sic*] a second jury for the upward departure to ensure Cox received a fair trial and a fair hearing during the upward departure. The State argued that it would be a waste of judicial resources. Yet, a separate jury would have been able to review the issues fairly quickly and it would not have been necessary for the State to retry their [*sic*] case in its entirety. As noted by defense counsel, for excess brutality, the pictures and videos told the stor[y]. Further, and more importantly, cost should be secondary to a criminal defendant receiving a fair trial. The overarching goal should not be speed, but fairness. By refusing to empanel a second jury, the district court denied Cox both a fair trial and a fair hearing on the upward departure.

(Doc. 20-2, p. 23-26 (internal record citations omitted).) The State did not address this constitutional claim in its appellate brief. (Doc. 20-1, p. 31-35.)

The United States Supreme Court has "long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967). In *Estelle v. McGuire*, the Supreme Court examined whether a jury instruction given during a state criminal trial violated due process and justified granting federal habeas relief. 502 U.S. at 72. It stated: "The only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Similarly, in a case where a state prisoner argued "that his due-process right to a fundamentally fair trial was violated by testimony," the Tenth Circuit quoted *Estelle* and explained that "[t]he issue here is whether the challenged evidence 'so infused the trial with unfairness as to deny due process of law.'" *Thornburg v. Mullin*,

422 F.3d 1113, 1124 (10th Cir. 2005). In this case, the question, under clearly established Federal law, is whether the use of the same jury during the guilt phase of trial and at the departure hearing "so infected" the entire proceeding with unfairness that the imposition of the sentencing departure violates due process. This Court can only grant federal habeas relief if answering this question "no" is objectively unreasonable. *See Meek*, 74 F.4th at 1253.

First, despite Petitioner's consistent argument to the state courts and this Court, this Court is unconvinced that the use of the same jury left Petitioner with only two options: either present evidence of his prior criminal acts at trial or have the jury become unduly prejudiced against him during the upward departure hearing. As the State pointed out to the KCOA, "the departure jury could have been instructed that certain evidence was inadmissible at trial and that it should not consider the reason why it was not presented at trial." (Doc. 20-1, p. 34 (citing K.S.A. 60-406 and PIK Crim. 4th 50.060 (2012).) In addition, the Court does not agree that admitting evidence of prior crimes at a post-conviction departure hearing but not during the guilt phase of a trial would lead jurors to believe the criminal defendant was being "tricky" or deceitful, much less that those jurors would then decide the issues at the departure hearing differently. Thus, Petitioner's main argument for how the use of the same jury was fundamentally unfair is unpersuasive.

Turning to the standards of 28 U.S.C. § 2254(d)(1) and (2), even when the pro se pleadings are liberally construed, Petitioner does not argue that the rejection of his due process argument "was based on an unreasonable determination of the facts in light of the evidence presented" to the KCOA. Thus, Petitioner has not met the standard for relief under § 2254(d)(2). Petitioner also has not provided and this Court's independent research has not found any Supreme Court case holding that the use of the same jury to decide guilt and a sentencing factor violates due process. Thus, there is no indication that the state court rejected Petitioner's claim in a manner that was "contrary

to . . . clearly established Federal law" by "confront[ing] a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arriv[ing] at a result different from that precedent." *See* 28 U.S.C. § 2254(d)(1); *Harmon*, 936 F.3d at 1056. Accordingly, the Court concludes that Petitioner has not met the standards for habeas relief under the AEDPA.

Finally, the United States Supreme Court has long held that "a state prisoner should not receive federal 'habeas relief based on trial error unless' he can show the error had a 'substantial and injurious effect or influence' on the verdict." *Brown v. Davenport*, 596 U.S. 118, 133 (2022) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). This requirement, recognized in *Brecht v. Abrahamson*, serves to reinforce the "extraordinary" nature of a federal court "undoing a final state-court judgment." *Brown*, 596 U.S. at 133. Federal habeas proceedings involving a state prisoner challenging a state conviction are equitable, as seen by the statutory requirement that even if a petitioner meets the AEDPA requirements to obtain federal habeas relief, he or she "must still today persuade a federal habeas court that 'law and justice require' relief." *Brown*, 596 U.S. at 133-34 (citing 28 U.S.C. § 2243, which states "The court shall . . . dispose of the matter as law and justice require"). As the Supreme Court reaffirmed, "a federal court must *deny* relief to a state habeas petitioner who fails to satisfy either this Court's equitable precedents or AEDPA. But to *grant* relief, a court must find that the petition has cleared both tests." *Brown*, 596 U.S. at 134.

Simply put, Petitioner has not shown that "law and justice require relief" in this matter. He has not persuasively argued that the use of the guilt-phase jury during the departure hearing caused any effect or influence on its finding that he posed a future dangerousness to the public safety. If, as Petitioner wished, a separate jury had been empaneled, the State would have presented the evidence already presented at trial. There is no indication that the hypothetical second jury would

have had different evidence before it and Petitioner does not contend that the evidence admitted during the upward departure hearing was insufficient to support the finding that Petitioner posed a risk of future danger to public safety. Having reviewed the transcripts of the jury trial and the upward departure hearing, this Court concludes that the evidence was sufficient to support the jury's finding at the departure hearing. Reasonable jurists could conclude that using a single jury for the guilt phase and the departure hearing did not violate Petitioner's due process. There is no reason to overturn the KCOA's rejection of Petitioner's argument on this point.

## Conclusion

In summary, any argument in Ground One that Petitioner's due process rights were violated is procedurally defaulted and, because Petitioner has not made the required showing to overcome procedural default, this Court cannot consider the merits of the argument. Petitioner's double jeopardy argument in Ground One does not merit federal habeas relief because the KCOA reasonably applied the correct legal standards to the arguments and reasonably determined the facts in the light of the evidence presented to it. Although Petitioner exhausted Ground Two in the state courts by arguing it to the KCOA, the KCOA did not explicitly address the argument in its written opinion. Nevertheless, because the KCOA did not reject the argument on procedural grounds, this Court concludes that the KCOA adjudicated it on the merits and that there was a reasonable basis for the KCOA to deny relief. In addition, Petitioner has not shown that he was prejudiced by the use of the same jury throughout the state district court proceedings. Accordingly, Petitioner is not entitled to federal habeas corpus relief and the petition will be denied.

Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason.

Where the Court denies a habeas claim on its merits, a certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253. The Court finds Petitioner has not made a substantial showing of constitutional error in the state courts and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2024, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge